Kenneth A. HENDERSHOTT, Plaintiff,

v.

Sheriff Robert SKIPPER, et al., Defendants.

Civ. No. 93–30–FR.

United States District Court, D. Oregon.

Feb. 17, 1995.

Kenneth A. Hendershott, pro se.

J. Michael Doyle, Asst. County Counsel, Portland, OR, for defendants.

### OPINION AND ORDER

FRYE, District Judge:

The matter before the court is the motion of the plaintiff, Kenneth A. Hendershott, to compel discovery (# 55).

Hendershott moves this court for an order compelling the defendants to produce injury reports and complaints involving the use of excessive force by the named defendants from 1991 to the present.

On December 21, 1994, the court ordered the defendants to submit the documents responsive to the motion to compel to the court for *in camera* review.

The defendants have submitted to the court six packets, each of which contain complaints and other documents relating to the use of excessive force by the named defendants from 1991 to the present.

The court has reviewed all documents submitted.

## APPLICABLE LAW

Rule 26(b)(1) of the Federal Rules of Civil Procedure provide, in part:

Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action.... The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

## RULING OF THE COURT

The plaintiff, Kenneth A. Hendershott, was involved in a fight with another inmate on December 1, 1992. The issue in this case is whether Hendershott can prove by a preponderance of the evidence that Correctional Officer Rick Wallace and Correctional Officer Roger Cross used more force than was reasonably necessary to stop the fight and to restrain Hendershott.

The six incidents for which responsive documents were produced for *in camera* review include the incident in which Hendershott was involved with another inmate on December 1, 1992 which is the subject of this action. Of the five other incidents, two occurred prior to the incident with Hendershott on December 1, 1992, and three occurred after that date. None of the six incidents involve Correctional Officer Wallace; four of the incidents involve Correctional Officer Cross; and one of the incidents involve Correctional

Officer Turney, who is involved in this action only in his supervisory capacity. In all five of the incidents, as well as in the incident involving Hendershott, the allegations of excessive force were investigated and were "not sustained."

There is no issue in this case as to the liability of the City of Portland. The only issue is whether information relating to other incidents is relevant to prove that the force used by Officer Wallace and Officer Cross against Hendershott was more than what was reasonably necessary at the time and under the circumstances then existing.

It is undisputed that Hendershott was engaged in a fight with another inmate and had to be restrained. Every witness to the incident states that Hendershott was aggressive, uncooperative and hostile throughout the incident. The court finds that the reports of the incidents submitted for *in camera* review are not admissible to prove that the force used by Officer Wallace and Officer Cross against Hendershott in the incident at issue was greater than reasonably necessary under the circumstances and will not lead to the discovery of admissible evidence pursuant to Fed.R.Civ.P. 26(b)(1). These materials are not discoverable.

## CONCLUSION

The motion of the plaintiff, Kenneth A. Hendershott, to compel discovery (# 55) is DENIED. The documents submitted to the court for *in camera* review shall be sealed in the file, and the file is to be opened only upon order of this court.

IT IS SO ORDERED.